## ECKS v. MONTANARA et al.

(Supreme Court, Appellate Term, First Department. May 5, 1915.),

1. BILLS AND NOTES ⬮⟿537—TRANSFER—TITLE OF INDORSER.

Whether an indorser of a note had title thereto at the time of transfer *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. ⬮⟿537.]

2. BILLS AND NOTES ⬮⟿497—ACTION BY INDORSEE—BURDEN OF PROOF—STATUTORY PROVISIONS.

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 98, providing that, when the title of any person negotiating an instrument is defective, the burden is on the holder to show that he or some person under whom he claims acquired title as a holder in due course, an instruction that the makers, defending an action on a note on the ground that the indorser had stolen it and that the holder had notice, had the burden of proving that the holder had notice of defect of indorser's title, was erroneous, for the burden rested on the holder to show that he acquired the note in due course.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. ⬮⟿497.]

Appeal from City Court of New York, Trial Term.

Action by Henry F. Ecks against Adonis Montanara and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Dante Rivetti, for appellants.

Charles J. Steinberg, of New York City (Meyer D. Siegel, of New York City, on the brief), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment against the defendants Montanara and Brugnoni in an action on a note made by them to the order of Louis Ott and indorsed and transferred by Ott to the plaintiff. At the trial the plaintiff testified only that he received the note from Ott on March 18, 1914. The defendants then produced testimony to the effect that the note had been made by them to the order of Louis Ott only for the purpose of giving Ott a receipt for moneys advanced by him for the purchase of a share in a partnership, upon the understanding that the partnership business was to be incorporated, and Ott was to receive half the stock, and thereupon was to surrender the note. The defendants further produced testimony to the effect that on March 18th these arrangements were consummated, except that at that time Ott stated that he did not have the note with

him but would surrender it the next day. There was further testimony that on March 19th Ott did surrender the note, and Montanara tore it across and threw it upon the floor.

[1] If the defendants' story is true, then the only possible explanation of the plaintiff's possession of the note through delivery by Ott is that Ott stole the note after it was canceled by Montanara. The note was not shown to us upon this appeal, but it is fairly inferable from the testimony that at the time of the trial the note showed a tear which had been pasted together, but that this tear was not of such a character as to clearly show that it was made with any intent to cancel, or in fact that it was anything but the result of careless handling. The defendants' story may not be particularly plausible, but it certainly was sufficient to raise an issue for the jury as to whether Ott, at the time of the transfer of the note to plaintiff, had title to the note and the right to transfer it. It is true that this story of what occurred on March 19th was contradicted inferentially by the plaintiff's story that he received the note on March 14th; but, on the other hand, the plaintiff's story that he received the note on March 14th must be regarded as inferentially contradicted by the defendants' story that Ott surrendered it on March 19th.

[2] The learned trial justice left to the jury the question whether the note was without consideration and was stolen by Ott, but he expressly charged:

"The burden was on the defendants in this action to show by competent proof that this plaintiff, the holder of this note, had notice of defect of title."

And he refused to charge that, once the defendants have shown that Ott took the note, the burden then rested on the plaintiff to show that he acquired the note as a holder in due course. In this respect the otherwise admirable charge of the trial justice is erroneous, for section 98 of the Negotiable Instruments Law clearly enacts that:

"When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

It does not appear in this case whether the jury decided that Ott had not stolen the note, or whether they decided that he had stolen it, but that defendants have not shown that the plaintiff had knowledge of the defect in Ott's title.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.